529 So.2d 829 (1988)
Raymond SAVOY, Appellant,
v.
Brenda SAVOY, Appellee.
No. 87-2027.
District Court of Appeal of Florida, Fifth District.
August 18, 1988.
*830 Bruce A. Hochstetler, Daytona Beach, for appellant.
Nancy Y. Smith, of Brinson, Smith & Smith, P.A., Kissimmee, for appellee.
COBB, Judge.
The appellant, Raymond Savoy, and the appellee, Brenda Joy Savoy, were divorced in 1983. The final judgment of dissolution granted primary custody of the parties' minor sons to the mother. In May, 1985, the father took the children and secreted them in Arizona. The mother located them one year later in May, 1986, and regained physical custody. In June, 1986, she filed a petition for modification asking the court to award her sole parental responsibility due to the abduction and to restrict any visitation allowed the father by requiring that it be supervised.
After an evidentiary hearing, the trial court entered a modification order terminating shared parental responsibility and granting Brenda Savoy sole custody of, and parental responsibility for, the two children. The order also provided:
2. The Former Husband shall be allowed restricted and limited visitation with the children, which shall take place at the home of the Former Wife's parents at 2270 State Road 17 South, Avon Park, Florida 33825. Said visitation shall be arranged by the Former Wife and she shall give the Former Husband thirty (30) days notice of when said visitation shall take place.
Raymond Savoy appeals the modification order, contending (1) the trial court applied the wrong standard of proof to the evidence; (2) the order was contrary to the evidence; and (3) the trial court abused its discretion by allowing the mother to arrange the father's visitation at her convenience, thereby effectively denying the father's visitation altogether.
We find no merit in the first two points, but agree with the appellant as to the third. Allowing visitation based on the whim or discretion of an irate adverse party  and this record reveals considerable hostility between the parents  renders that privilege illusory. See Murphy v. Tallardy, 412 So.2d 62 (Fla. 4th DCA), petition for review denied, 419 So.2d 1199 (Fla. 1982). It is represented in the appellant's brief that, as a result of the foregoing provision in the modification order, Brenda Savoy "has not seen fit to allow (Raymond Savoy) to exercise his right to visitation." This is not denied by the appellee's brief, and, even if it were, the unbridled discretion granted the mother as to the father's visitation is as inappropriate here as it was in Murphy. Consequently, we strike paragraph 2 from the modification order and remand to the trial court to specifically define the father's visitation rights as to time and place, and any supervisory safeguards attendant thereto.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SHARP, C.J., and DANIEL, J., concur.