PER CURIAM.
Appellant, the natural mother of a minor child, Guillermo Arroyo, appeals an order of the trial court adopting the findings and recommendations of a general master. The order awards custody of the child to his paternal grandmother.[1] We affirm on the authority of State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla.1957), because there is no showing in the record that the mother, a rehabilitated substance abuser who has lived in several communities in recent years, is yet able to provide a home which the welfare of the child requires.
Notwithstanding that the child has been with his grandmother for a number of years, the custody award we now approve rests upon a “temporary foundation.” Id. Since there is no competent or substantial record evidence that the natural mother is unfit, nor that she has abandoned or physically or mentally abused the child, she may renew her application for custody of the child after a home study has been completed.
Appellant’s next point on appeal is a challenge to a condition placed on her visitation rights requiring supervision in light of the mother’s propensity for self-help measures in this long-running custody dispute. Until a supervisor is named, and other conditions are specified — by agreement of the parties or, failing that, by order of the court — it cannot be said that controlled visitation constitutes an abuse of discretion. See Savoy v. Savoy, 529 So.2d 829 (Fla. 5th DCA 1988).
Affirmed.

. The natural father, a named appellee in the petition for review, has abandoned his separate appeal.