649 So.2d 936 (1995)
Babooram SUGRIM, Appellant,
v.
Sumattee SUGRIM, Appellee.
No. 94-1293.
District Court of Appeal of Florida, Fifth District.
February 10, 1995.
Jose M. Chanfrau, IV of Law Offices of Jose M. Chanfrau, IV, P.A., Orlando, for appellant.
Neva M. Kelaher, Orlando, for appellee.
COBB, Judge.
Babooram Sugrim, husband, appeals from a final judgment of dissolution of marriage.
The parties essentially had three assets: the marital home valued by the parties at approximately $180,000, a small fast food restaurant which the wife was operating at the time of dissolution, and some jewelry which the husband valued at $50,000. In her petition, the wife prayed for temporary and permanent use, possession and ownership of the marital home and for equitable distribution of all the other marital assets, giving due regard for the contribution of both parties. In her pre-trial compliance, the wife specifically requested that the business be awarded to her.
No transcript exists of the final hearing on the dissolution petition. The final judgment awarded the wife sole parental responsibility[1] of the couple's two children and awarded her exclusive possession of the marital home as well as exclusive possession of the family *937 business. The wife was ordered to turn over to the husband the various pieces of jewelry referenced in his pre-trial compliance.
The husband argues that the final judgment is flawed because the trial court failed to equitably distribute the chief assets of the marriage, the marital home and the family business. The wife responds that, in the absence of a transcript, there is no basis to overturn the final judgment of dissolution.
Issues concerning evidentiary sufficiency and the like are not reviewable where no transcript of the trial proceedings or stipulated statement of evidence exists. See, e.g., Walt v. Walt, 596 So.2d 761 (Fla. 1st DCA 1992); Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987). An error which appears on the face of the final judgment, however, is reviewable. See Florida Public Service Commission v. Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., 587 So.2d 561 (Fla. 1st DCA 1991). The final judgment here awards the wife "sole and exclusive possession of the family business" and "sole and exclusive possession of the marital home."
In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the supreme court held that an award of exclusive possession of property subject to disposition in a dissolution proceeding is proper where such award is directly connected to the obligation to pay support or is temporarily necessary to prevent reduction in the value of the subject property. 379 So.2d at 952. The court explained:
... The award of "exclusive possession" of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the cause. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose. See, e.g., McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979) (a form of rehabilitative alimony for a spouse demonstrating a need); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978) (aid to a child who had reached majority but who had a debilitating muscular disorder); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978) (aid to a spouse with mental problems); and Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975) (aid to a spouse with custody of minors). In each of these instances, the exclusive possession is actually a facet of support and is clearly warranted because of the equity of the cause. We can foresee the need to grant temporary exclusive possession of a family business in order to ensure income for support and to avoid an immediate substantial reduction in value.

We reject the asserted inflexible rule that an award of exclusive possession of property must be limited to the home, that it benefit only a spouse with minor children, and that it must terminate when all children born of the marriage have attained the age of majority. McDonald v. McDonald.

* * * * * *

An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances. (Emphasis added).
379 So.2d at 952.
The final judgment here does not reflect on its face the reasons for the award to the wife of exclusive possession of the business or house, nor does it specify a time period for the award. The judgment is therefore flawed and the cause must be remanded for entry of a corrected judgment. See Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993) (final judgment of dissolution which failed to designate specific purpose for exclusive use and possession award and set no time limit on award error); Warren v. Warren, 480 So.2d 707 (Fla. 5th DCA 1986) (award to wife of exclusive use and possession of jointly owned marital home without any limitations as to time or conditions that might terminate exclusive right of occupancy was an abuse of discretion).
The husband also argues that the wife's failure to specifically plead for an *938 award of exclusive use of the family business precludes such an award to her.
In a dissolution action, as in other civil litigation, an issue is properly before the court where raised by the pleadings or where raised and considered by the court without objection. DeLoach v. DeLoach, 552 So.2d 324 (Fla. 1st DCA 1989), appeal after remand, 590 So.2d 956 (Fla. 1st DCA 1991). A prayer for equitable distribution of marital property has been broadly interpreted to include, for instance, an award of lump sum alimony for the purpose of equitable distribution, even though alimony is not sought in the petition. Abbe v. Abbe, 475 So.2d 206 (Fla. 1985). An award of exclusive use and possession of an asset as part of a scheme of equitable distribution is analogous to this. Additionally, without having a transcript of the trial proceedings, it cannot be determined whether the issue was in fact tried with the express or implied consent of the parties. For these reasons, the husband's argument on this point is rejected.
We find that it was error for the trial court to award to the wife exclusive use and possession of the marital home and family business without any limitations as to time or conditions. Duncan; Warren. However, in the absence of a transcript of the trial proceedings, we cannot say that it was an abuse of discretion to award to the wife exclusive possession of the marital home and business. Indeed, given that the wife has been awarded sole parental responsibility of the couple's two minor children, and that the husband has a drinking problem, such award on its face would appear to be eminently reasonable.
Accordingly, we reverse the final judgment and remand for entry of an amended final judgment which reflects the reasons for, and applicable conditions of, the awards of the family business and marital home.
REVERSED AND REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.
NOTES
[1] The court found that shared parental responsibility would be detrimental to the children and limited the husband to telephone contact with the children and HRS supervised visitation until such time as the husband successfully completes an alcohol treatment program and anger management program.