PER CURIAM.
The appellant, a divorced and incarcerated father whose visitation rights with his 12-year-old daughter are the subject of this appeal, contends the trial court, on remand from his prior appeal, did not comply with this court’s mandate. We agree and reverse.
In the prior appeal the circuit court had entered a visitation order which stated in relevant part: “Visitation for the Husband, when and if appropriate, shall be supervised by the Wife.” Waugh v. Waugh, 679 So.2d 1, 3 (Fla. 2d DCA 1996). We reversed saying: “Upon remand the trial court should enter a more specific order that either grants specified visitation rights or denies visitation rights after considering the best interests of the minor child.” Id. Upon remand the trial court’s order provided the following:
The Husband/Father has visitation rights with the minor child; however, pursuant to the sole custody as stipulated, the decision of whether or not to have prison visitation shall be the decision of the custodial parent. If prison visits are going to occur, the Wife/Mother shall approve the arrangements and be certain that supervision is provided at all times. The Husband/Father’s continuing contact with the child shall be by writing. The Wife/Mother shall keep the Husband/Father informed of the child’s address and telephone number at all times. The child shall write to her Father at least one time per month; the Wife/Mother shall be responsible for assuring that the child writes to her Father at least once per month.
The trial court followed the mandate to a degree by specifically granting visitation rights. However,. it effectively rescinded those rights by allowing the appellee to decide whether the appellant will ever have visits from his daughter while he is incarcerated. Once the trial court granted the appellant visitation rights, it was incumbent upon the trial court to specify the method and manner by which the appellant would exercise those rights. The final order, like the previous order, leaves unfettered discretion in the appellee effectively enabling her to frustrate — even eliminate — the appellant’s visitation rights. See Savoy v. Savoy, 529 *660 So.2d 829 (Fla. 5th DCA 1988) (allowing visitation based on whim or discretion of irate adverse party, where record reveals considerable hostility between parents, renders privilege illusory; remand for trial court to specifically define father’s visitation rights as to time and place, and supervisory safeguards attendant thereto); Murphy v. Tallardy, 412 So.2d 62 (Fla. 4th DCA 1982). We reverse for a more specific order stating with particularity how often and in what manner the appellant may have face-to-face visitation with his daughter, if at all.
Reversed.
DANAHY, A.C.J., and CAMPBELL and QUINCE, JJ., concur.