FARMER, Judge.
In August 1995 the wife filed for relief under the federal bankruptcy law. While her bankruptcy case was pending, the husband filed this dissolution of marriage action in the circuit court in January 1996. Later the wife obtained a discharge in March 1996. Five months after the discharge was granted by the bankruptcy court, the circuit court entered a final judgment in the dissolution of marriage action in which the court ordered the wife to assume half of the marital debt. She appeals; we reverse.
In her bankruptcy petition, the wife scheduled her husband as an unsecured creditor, and thus he had notice of the pendency of the bankruptcy case. Nevertheless, he argued in the trial court — and does so again on appeal — that section 523(a)(15) of the Bankruptcy Code[1] exempts this kind of marital debt from the bankruptcy discharge when the debtor lacks the ability to pay the debt or when the barden is no greater for the bankruptcy debtor spouse than it would be for the other spouse. The problem with the husband’s argument is not in his understanding of section 523(a)(15); instead he has addressed it to the wrong forum. He was obligated to raise it in the bankruptcy court as an objection to her discharge.
Under Bankruptcy Rule 4007, any creditor having an objection to the discharge of a scheduled debt is obligated to file a complaint initiating an adversary proceeding in the bankruptcy court within 60 days of the first meeting of creditors. The debtor then responds to the complaint, much as a litigant in a Florida court would do so. The issues thus joined as to the dischargeability of the scheduled debt are then tried in the bankruptcy court. The bankruptcy judge is the trier of fact and determines whether the debt is discharged or excepted from the discharge. In short the bankruptcy court has exclusive jurisdiction to determine exceptions to a bankruptcy discharge.
Ordinarily the dissolution of marriage judge has sole authority to apportion marital debts. When one of the parties as here has filed for relief under the bankruptcy code, however, the authority of the state court in that regard has been abrogated by federal law as regards the apportionment of such debt. If the opposing spouse desires to take advantage of the provisions of section 523(a)(15), it is absolutely necessary for the spouse to raise the matter seasonably in the bankruptcy court. It will be too late to do so, as here, in the state court after the discharge has already been granted. Accordingly, it was error for the trial judge here to apportion marital debt contrary to the bankruptcy discharge.
REVERSED.
DELL and SHAHOOD, JJ., concur.

. 11 U.S.C. § 523(a)(15).