709 So.2d 166 (1998)
Laurie HOLMES, Appellant,
v.
Bruce HOLMES, Appellee.
No. 97-312.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
Darlene E. Dunn, Ocala, for Appellant.
No appearance for Appellee.
PER CURIAM.
Laurie Holmes ["Laurie"] appeals the final order dissolving her marriage to Bruce Holmes ["Bruce"]. Laurie contends on appeal that the trial court erroneously varied from the child support guidelines, denied rehabilitative alimony, and unequally distributed the marital assets and liabilities without entering specific findings.
In her petition for dissolution, Laurie requested primary residential responsibility of the two minor children, child support and special funds to address the needs of the parties' hearing impaired child. Laurie also, inter alia, requested: rehabilitative alimony to enable her to attend the medical assisting program at Webster College; equitable distribution of the parties' assets and liabilities; and an award of attorney's fees. Laurie filed a financial affidavit listing her occupation as housewife/student and scheduling no income.
Bruce filed an amended financial affidavit listing his occupation as a trade worker with the City of Maitland earning $10.67 per hour and $1,193.32 per month after deductions. He listed a gasoline expense of $150.00 per month.
On December 13, 1996, the court heard testimony and argument at the final hearing on dissolution. The hearing, however, was unreported. On January 8, 1997, the court entered a Final Judgment of Dissolution of Marriage. In its judgment, the court ordered *167 shared parental responsibility and primary physical residence with the wife, with reasonable visitation to the husband. The court also found that the husband had health and dental insurance reasonably available to him through his employer.
The court also found that Bruce was employed by the City of Maitland as a trade worker earning a gross monthly income of $2,016.96, with deductions for Medicare and Social Security of $154.30, and Federal Withholding of $238.00, for a net monthly income of $1,624.66. The court found that Laurie was currently unemployed, but able to work. Without findings, the court imputed income to Laurie in the amount of $823.33 per month, with deductions of $62.98 per month, for a total of $760.35 per month.
The court also found that at the time of separation, the parties owned a truck and a car. By verbal agreement, Bruce took the truck and Laurie took the car. Shortly after separation, the truck was repossessed and Laurie voluntarily turned over the car, a 1986 Chevrolet Celebrity, to Bruce for traveling to work. Bruce then traded the car in for a 1993 Toyota, which is his current vehicle. The court found, consistent with the husband's testimony, that a deficiency lien was placed on the marital home for $7,200.00 due to repossession of the truck.
The court listed the marital assets as follows: the marital home valued at $58,000; the 1995 income tax return in the amount of $2,062.00; and the husband's Florida Retirement System Pension Plan  from April 1, 1985, "and continuing through the marriage." The court did not mention any value attributable to the 1993 Toyota. The marital liabilities were identified as the home mortgage of $39,000.00; and the $7,200.00 deficiency lien.
The court ordered Bruce to pay child support in the amount of $38.37 per week explained as follows: "The Husband's child support obligation is in the amount of $113.37 per week less a $75.00 per week credit given for gas mileage." The court also ordered Bruce, as child support, to provide hospitalization, dental, and major medical insurance for the children through his employer.
The court denied Laurie's request for rehabilitative alimony without any findings. As equitable distribution, the court awarded Laurie one half of the marital portion of Bruce's pension plan, reserving jurisdiction to enter a qualified domestic relations order; and one half of the value of the marital home, less the mortgage amount and the truck lien, to be paid upon the sale or refinancing of the home.
Bruce was awarded half of the pension plan and all of the 1995 joint income tax refund. He was also awarded the marital home, less the equity due to Laurie. The court ordered Bruce to pay the mortgage and any expenses related to the marital home.
We begin by saying once again that where no transcript of the trial proceedings exists, issues concerning sufficiency of the evidence are not reviewable. Sugrim v. Sugrim, 649 So.2d 936, 937 (Fla. 5th DCA 1995). This court may only look to see whether an error of law is apparent on the face of the final judgment. Hirsch v. Hirsch, 642 So.2d 20, 21 (Fla. 5th DCA 1994).
In the instant case, the trial court calculated Bruce's guideline child support amount to be $113.37 per week based on its findings that Bruce earned a net monthly income of $1,624.66. Yet, he ordered only $38.37 to be paid due to a $75.00 deduction for "gas mileage." The court made no findings, nor did it provide any other explanation for this departure from the guidelines. Without such an explanation, we cannot determine how "gas mileage" is a relevant factor justifying departure under section 61.30(11)(a)-(k). See Reynolds v. Reynolds, 668 So.2d 245, 247 (Fla. 1st DCA 1996). Without specific findings, meaningful appellate review is not possible, and we are obligated to reverse and remand for such findings to be made. State, Department of Revenue v. Cain, 675 So.2d 679, 680 (Fla. 1st DCA 1996).
Laurie also contends that the trial court erroneously awarded Bruce sixty-six percent of the marital assets, and failed to enter specific findings valuing those assets or justifying the court's unequal distribution. *168 Brock v. Brock, 690 So.2d 737, 740 (Fla. 5th DCA 1997). Failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made. Brock, 690 So.2d at 740. Because of the way in which the judgment is drafted, it is unclear whether the lower court has unequally distributed the assets in this case. Laurie was awarded half of the value of the marital home after sale or refinancing, less the mortgage and truck lien, and half of the marital portion of Bruce's pension. There are no instructions concerning sale of the marital home, however. Bruce on the other hand, was awarded the marital home, subject to mortgage and repair payments; the 1995 tax refund; half of his pension, and apparently, although not expressly, the 1993 Toyota. The judgment thus either requires clarification or correction. See Sugrim v. Sugrim, 649 So.2d 936.
Laurie additionally argues that the trial court erred when it denied her request for rehabilitative alimony without entering any written findings justifying denial. Section 61.08(1),(2), Florida Statutes (1993), requires entry of written findings supporting an award or denial of a request for alimony.
REVERSED and REMANDED.
GRIFFIN, C.J., and HARRIS and ANTOON, JJ., concur.