709 So.2d 182 (1998)
Wallace James PICKETT, III, Appellant/Cross-Appellee,
v.
Carol Ann PICKETT n/k/a Carol Ann Ault, Appellee/Cross-Appellant.
No. 97-699.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
Rehearing Denied May 14, 1998.
*183 Stephen M. Stone, Orlando, for Appellant/Cross-Appellee.
Gary Shader, Maitland, for Appellee/Cross-Appellant.
COBB, Judge.
The trial court modified the final judgment of dissolution of marriage to, inter alia, reduce the ex-husband's monthly child support obligation from $5,500.00 to $2,378.00. The ex-wife does not assert that some reduction in the ex-husband's child support obligation is unwarranted. Rather, the issues here concern the amount and timing of the reduction. We reverse the modification order in the following respects.
First, the trial court erred in imputing income of $150,000.00 per year to the ex-husband, a radiologist, who was scheduled for sentencing and was in fact sentenced shortly after the modification hearing to 33 months incarceration in federal prison for Medicare fraud. The order of modification contemplates the ex-husband's incarceration. The imputation of income for child support purposes is improper where there is "no showing that the husband had the capability while he was in prison to earn the amount imputed to him." Waugh v. Waugh, 679 So.2d 1, 3 (Fla. 2d DCA 1996), appeal after remand, 705 So.2d 659 (Fla. 2d DCA 1998). Furthermore, the trial court failed to make a finding of a present ability to pay. Id. See § 61.14(5)(a), Fla. Stat. Given the ex-husband's incarceration, the cause must be remanded for reconsideration under Waugh.
Second, the court erred in failing to make the reduction in child support from $5,500.00 to $2,378.00 retroactive to August 31, 1995, when the ex-husband filed his petition for modification. See Laliberte v. Laliberte, 698 So.2d 1291 (Fla. 5th DCA 1997).
We find no abuse of discretion in the award to the ex-wife of lump sum alimony and the denial to her of permanent periodic alimony. These determinations are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
W. SHARP and ANTOON, JJ., concur.