714 So.2d 1158 (1998)
John R. COOK, Appellant,
v.
Julie A. COOK, Appellee.
No. 97-1604.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
Robert M. Marasco of Marasco & Wilkes, Rockledge, for Appellant.
Stephen M. Brewer of Stephen M. Brewer, P.A., Titusville, for Appellee.
PER CURIAM.
The final judgment in this case fails to identify all of the marital debts, contrary to the requirements of paragraph 61.075(3)(c), Florida Statutes (1997) (distribution of all marital liabilities shall include specific written findings of fact as to the identification of the liabilities). The failure to identify the *1159 nature of the liabilities and a value therefor renders this court powerless to engage in meaningful appellate review and constitutes reversible error. Holmes v. Holmes, 709 So.2d 166 (Fla. 5th DCA 1998) (failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made); Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997) (same). We reverse the equitable distribution and remand to the trial court to make the findings required by section 61.075. If, after making the appropriate findings, the trial court determines that the original asset and liability allocation does not comport with its stated intent to award Appellant a greater portion of the marital assets, the court is free to correct the distribution.
Appellant also contends that the trial court erred by failing to require the Appellee to contribute toward his attorney's fees as her income is approximately 2½ times greater than his and she has almost no debt. While this argument may have merit, it is premature for this court to address this point without knowing the amount and nature of the debt ultimately assigned to the Appellant. On remand, the trial court should consider Appellant's request.
REVERSED and REMANDED.
COBB, GOSHORN and PETERSON, JJ., concur.