777 So.2d 1007 (2000)
Ray SAYEGH, Appellant,
v.
Christina D. SAYEGH, Appellee.
No. 2D99-4994.
District Court of Appeal of Florida, Second District.
December 20, 2000.
*1008 Jane H. Grossman of Law Offices of Jane H. Grossman, St. Petersburg, for Appellant.
Christina D. Sayegh, pro se.
NORTHCUTT, Judge.
Ray Sayegh challenges three aspects of the judgment dissolving his marriage to Christina Sayegh: its award of lump sum alimony, its failure to identify a debt as marital and allocate it between the parties, and its award of fees to the wife's attorney. We agree with all Mr. Sayegh's arguments and reverse.
Concerning alimony, none of the court's oral or written findings reflect that it considered the relevant economic factors listed in section 61.08, Florida Statutes (1997). Instead, the court stated that it awarded the alimony to "equalize[ ] the purported income of the two sides for the transition into single life for the wife." In Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999), we approved the use of lump sum alimony as a means to assist a spouse's transition to single life, if the need was demonstrated. By way of example, we proffered several instances in which a spouse might need a lump sum payment to cover expenses occasioned by the transitionto replace household items, to pay deposits on a new residence and utilities, or to buy an automobile. This list is not all-inclusive, of course, but Mrs. Sayegh never said she had any expenses of these kinds. Moreover, the Sayeghs were separated and living apart for five years before their marriage was formally dissolved. It is hard to believe that Mrs. Sayegh had not already accomplished the transition discussed in Borchard. In most cases we would remand for the court to make the appropriate findings under section 61.08. See Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA 1997). Here, however, the evidence simply was insufficient to support an alimony award. Accordingly, we reverse that part of the judgment.
Next, the final judgment did not address a $5,000 debt to Associated Financial Services. Mr. Sayegh testified without contradiction that the parties had incurred the debt, and he presented copies of letters from the creditor seeking to collect the debt from him. The court should have determined whether the debt was marital or nonmarital and addressed it in the final judgment. See § 61.075, Fla. Stat. (1997); Ritter, 690 So.2d at 1375-76. We remand for further evidence on this issue. We note that this could be a Pyrrhic victory for Mr. Sayegh because there is some indication in the record that this debt may have been discharged as against Mrs. Sayegh when she filed bankruptcy. It may be that the circuit court's authority to apportion this debt has been abrogated. See Bates v. Bates, 705 So.2d 1045 (Fla. 4th DCA 1998).
Finally, we reverse the award of fees to the wife's trial counsel. No evidence established the services performed or the reasonableness of the fees. See Saussy v. *1009 Saussy, 560 So.2d 1385 (Fla. 2d DCA 1990); see also Rosen v. Rosen, 696 So.2d 697 (Fla.1997). Because we are remanding for further evidence on the Associated Financial Services debt, we remand for further proceedings on this issue as well.
Reversed and remanded.
PATTERSON, C.J., and THREADGILL, J., concur.