780 So.2d 342 (2001)
DEPARTMENT OF REVENUE o/b/o Sinteria SMITH, Appellant,
v.
Kelvin M. JACKSON, Appellee.
Department of Revenue o/b/o Donna Lane, etc., Appellant,
v.
Morgan P. Tillery, Sr., Appellee.
Nos. 5D00-2543, 5D00-2951.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellants.
Kelvin M. Jackson, Crawfordville, pro se.
Morgan P. Tillery, Sr., East Lake Weir, pro se.
GRIFFIN, J.
These two unconsolidated appeals present the same issue for consideration. In Case No. 5D00-2543, Kelvin M. Jackson ["Jackson"] had been ordered to pay child support for his daughter in the amount of $32.25 per week. In May 1994, the payments were increased to $58.24 per week due to an arrearage. Appellee Jackson was later incarcerated for dealing in stolen property and for drug possession, and he filed a motion to abate child support during his incarceration.
In Case No. 5D00-2951, Morgan P. Tillery, Sr. ["Tillery"], was ordered to pay child support for his two sons in the amount of $82.00 per week pursuant to a final judgment of paternity and support entered on December 15, 1992. An additional obligation of $18.00 was imposed toward arrearage. After Appellee Tillery *343 was incarcerated, he filed a petition for modification and suspension of child support. Appellee requested suspension of his support obligations until six months after his release from incarceration.
In both cases, the lower court noted a conflict between districts on this issue but, following (as it was bound to do) this court's decision in Pickett v. Pickett, 709 So.2d 182 (Fla. 5th DCA 1998), review denied, 729 So.2d 918 (Fla.1999), the court granted the motion of each prisoner to abate child support.
The principal authority conflicting with Pickett is Mascola v. Lusskin, 727 So.2d 328 (Fla. 4th DCA 1999). There, the Fourth District considered Pickett and expressly rejected it, agreeing with those courts that prefer the view that one's child support obligation will not be abated where the means with which to pay were reduced or eliminated by criminal activity resulting in incarceration.
Although this panel might decide these cases differently than did the Pickett panel, we elect to adhere to the rule of Pickett and certify that our decisions are in conflict with Mascola.
AFFIRMED.
PETERSON and ORFINGER, R.B., JJ., concur.