KELLY, Judge.
Gloria Booth (the mother) appeals from an order modifying child custody. We reverse the order only to the extent that it fails to specify the mother’s visitation rights.
The parties were divorced in November 1999. The final judgment of dissolution provided for shared parental responsibility and designated the mother as the primary residential parent. In April 2001, Douglas Booth (the father) petitioned for modification of the final judgment requesting that he be designated as the primary residential parent. The petition also asked the court to order appropriate visitation. The trial court granted the petition and awarded custody to the father.
The mother asserts a variety of challenges to the trial court’s decision to award custody to the father. We find merit only in her contention that because of its lack of specificity, the visitation provision of the order modifying custody effectively deprived her of visitation altogether. The trial court’s order provided the following:
[The mother] shall be entitled to reasonable visitation with the minor children; however, citing the differences that have recently arose between the children and their mother, the trauma she has caused them, the strained relationship and considering their ages and maturity, the Court recognizes that it will not be feasible to order guideline visitation at this point in time merely because the children themselves will not in all likelihood intend to comply with it. The Court shall order [the mother] to continue with her counseling with Dr. Cortman in or *879 der to assist her in coping with her new role as a nonresidential parent and to set aside any hostilities she may hold towards the children and their father.
We agree with the mother that while the trial court granted visitation rights, it effectively rescinded those rights by failing to specify when she could exercise those rights.
The order in this case is comparable to an order we reversed in Waugh v. Waugh, 705 So.2d 659, 659 (Fla. 2d DCA 1998), in which we stated that “[o]nce the trial court granted the appellant visitation rights, it was incumbent upon the trial court to specify the method and manner by which the appellant would exercise those rights.” As we did in Waugh, we reverse and remand for entry of a more specific order that either denies visitation rights or specifies when and under what conditions visitation will occur. We affirm the trial court’s order in all other respects.
Affirmed in part; reversed in part; remanded.
BLUE, C.J., and DAVIS, J., Concur.