842 So.2d 220 (2003)
Keith J. ICE, Appellant,
v.
Denise H. ICE, Appellee.
Nos. 1D01-3184, 1D02-1051.
District Court of Appeal of Florida, First District.
April 8, 2003.
*221 Michael W. Jones, Esq., Gainesville, for Appellant.
Peter C.K. Enwall, Esq., Gainesville, for Appellee.
PER CURIAM.
The former husband appeals the trial court's equitable distribution, alimony, and attorney's fee awards in the Final Judgment of Dissolution of Marriage. The former wife cross-appeals the trial court's imputation of income to her in the amount of $25,000. We reverse and remand with instructions.
The final judgment in this case fails to identify all of the parties' marital liabilities, contrary to the requirements of section 61.075(3)(c), Florida Statutes (1997). Pursuant to section 61.075(3)(c), a trial court must identify the marital liabilities and designate which spouse shall be responsible for each. Here, the trial court, for purposes of equitable distribution, valued the family corporation at $103,000, based upon the former wife's expert's testimony. This $103,000 valuation included as a corporate asset the $78,681 shareholders' loan, which the parties had taken out from the corporation while the marriage was still intact. However, while the trial court valued the corporation at $103,000, it failed to identify the loan as a marital liability and designate which spouse would be responsible for such. The failure to identify the nature and value of the marital liabilities constitutes reversible error and renders this Court powerless to engage in meaningful appellate review. See Holmes v. Holmes, 709 So.2d 166, 168 (Fla. 5th DCA 1998) (holding that the failure to make sufficient findings regarding the value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made); see also Sayegh v. Sayegh, 777 So.2d 1007, 1008 (Fla. 2d DCA 2000).
Accordingly, we reverse the equitable distribution and remand to the trial court to make the necessary findings in accordance with section 61.075(3)(c). See Cook v. Cook, 714 So.2d 1158, 1158 (Fla. 5th DCA 1998); Segall v. Segall, 708 So.2d 983, 986 (Fla. 4th DCA 1998). Because the trial court is at liberty to adjust the overall equitable distribution, alimony, and attorney's fee awards, we decline to address appellant's other arguments on appeal. As to the issue on cross-appeal, we conclude that the trial court erred in imputing a $25,000 salary to appellee. See Stewart v. Rich, 664 So.2d 1145, 1146 (Fla. 4th DCA 1995) (holding that notwithstanding the fact that the former wife had earned a law degree, the trial court erred in imputing income to the former wife, as her degree had not translated into actual employment and income at the time of the final hearing, and as the former wife had absolutely no history of earnings and no track record).
REVERSED and REMANDED with instructions.
BOOTH, WEBSTER and LEWIS, JJ., CONCUR.