MAY, J.
The former husband appeals a final judgment of dissolution of marriage. He raises four issues; two have merit. Those issues concern the court’s failure to address all of the parties’ debts and identify which of them are marital and non-marital. We reverse and remand.
In the final judgment of dissolution, the trial court provided an equitable distribution scheme identifying the assets as marital or non-marital. However, when the court reached the distribution of liabilities, it overlooked several. It attributed a $2,700 debt to Ford Motor Credit to the former husband and the former wife’s student loan debt to her. The court failed to allocate another $24,000 in debts that were raised during the hearing.
The first step in distributing a marital couple’s liabilities in a dissolution action requires the trial court to identify them. The second step requires the court to designate them as either marital or non-marital. The third step is to equitably distribute them. Ice v. Ice, 842 So.2d 220 (Fla. 1st DCA 2003).
The general rule requires marital property to be distributed equally. Krafchuk v. Krafchuk, 804 So.2d 376 (Fla. 4th DCA 2001). Nevertheless, “there can be unequal distribution if justifications for disparity exist.” Id. at 380. When this occurs, however, the trial court must articulate the reason(s) justifying the disparity. See Feger v. Feger, 850 So.2d 611 (Fla. 2d DCA 2003).
By its silence, the final judgment effectively holds the former husband responsible for certain liabilities. For example, the trial court found $13,500.00 (after taxes) of the former husband’s Motorola 401(k) plan was a marital asset. It awarded the former wife 50% or $6,750.00 of those funds. However, the court failed to address the former husband’s tax liability in the amount of $9,826.00, incurred as a result of the 2002 distribution of the 40100-
Concerning the former husband’s Motorola Pension Plan, the trial court found the marital portion consisted of $10,260.00 (after taxes) and awarded the wife $5,130.00 as her equitable portion. However, as with the 401 (k), the court failed to address the tax liability of $2,568.00 for the pension plan distribution.
The final judgment also fails to address the husband’s claim to a credit for his portion of the payments on a $10,000 loan he obtained from his 401(k) to purchase the marital residence before the parties separated. It does not address the former husband’s lease of a 2001 Ford Expedition obtained in both parties’ names. Similarly ignored were a loan from the former husband’s mother, mortgage payments allegedly made by the former husband after the parties’ separation, bills for home improvements made after the separation, and credit card debt of $16,000.00. In its current form, the distribution of liabilities is inherently unequal. While the trial court may be able to justify the distribution resulting from its silence on these issues, it must articulate that justification.
In short, the judgment fails to comply with section 61.075, Florida Statutes (2003). Upon remand, the court must identify and re-examine the liabilities, and determine whether they are marital or non-marital. If the court determines the *98 distribution should be unequal, then it must articulate its justification for that inequality. Feger, 850 So.2d at 615.
REVERSED and REMANDED.
POLEN and KLEIN, JJ., concur.