WALLACE, Judge.
In this dependency action, C.W., the Mother, appeals the trial court order that granted permanent custody of her two children to the Father and left her visitation with the children at the Father’s discretion. We affirm the custody determination without comment. However, because we find that the trial court erred in addressing the visitation issue, we reverse those portions of the order that concern visitation.
Background
The parties’ marriage was dissolved around early 2001. On June 5, 2003, the circuit court sheltered the children from the Mother’s home and placed them in foster care. Subsequently, the circuit court adjudicated the children dependent as to the Mother. The circuit court placed the children with 'the Father on July 31, 2003, and suspended his obligation to pay child support. On August 26, 2003, the circuit court issued an order that found the Father to be a nonoffending parent and approved case plans for both parents.
Six months after the circuit court had placed the children with the Father, he filed a motion requesting that the circuit court set a visitation schedule for the Mother, , find that the children had achieved permanency in their placement with him, and terminate its protective supervision. The circuit court granted the Father’s motion in an order dated May 27, 2004. In its order, the circuit court found that the children had achieved permanency by virtue of their placement with the Father “for at least six months” and that both parents had “substantially complied with [their] case plan[s].” The circuit court terminated the supervision, discharged the children’s guardian ad litem, and ordered “[t]hat visitation for the [MJother shall be at the discretion of the [Fjather” and that “[t]he [M]other is not to communicate about visitation arrangements through either of the children.”
Discussion
The record reflects that the Father and the Mother have a history of being unable to communicate amicably concerning the care of their children. At the arraignment hearing, the assistant state attorney informed the court that “this is a case where both parents just kept dropping the kids off at one another’s houses.” Status review reports indicated that phone conversations between the Mother and the Father consisted of “yelling and screaming,” and the Father’s motion alleged that “even with the assistance of [Family Continuity Programs, the parties] have been unable to agree on [a visitation] schedule.” At the hearing on the Father’s motion for termination of supervision, the guardian ad li-tem reported that the Mother “does not want to ■ communicate with the [F]ather” and expressed concerns that giving the Father discretion over the Mother’s visita *779 tion would not work well. Undoubtedly, it is unlikely that the Father and the Mother will be able to cooperate regarding visitation.
We note this court’s prior decision in Waugh v. Waugh, 705 So.2d 659, 659-60 (Fla. 2d DCA 1998). In Waugh, we reversed a visitation order that left “unfettered discretion” in one parent over the other’s visitation rights because it effectively enabled that parent “to frustrate— even eliminate — the [other’s] visitation rights.” Id. at 659. Nevertheless, we see no need for the circuit court to resolve the visitation issue on remand. At this point, the circuit court’s order terminated its supervision of this dependency case. Additionally, the circuit court discharged the guardian ad litem. Now, the appropriate court to deal with the Mother’s visitation is the court that entered the order dissolving the parties’ marriage, because it has “continuing jurisdiction to enforce or modify the judgment.” Ventriglia v. Vaughan, 628 So.2d 836, 838 (Fla. 2d DCA 1993). Therefore, we reverse those portions of the order that concern visitation.
To modify visitation, the Mother must show “that there has been a substantial and material change in circumstances and that the proposed change would be in the best interests of the minor child.” Id. Given that the circuit court removed the children from the Mother’s custody during the dependency action and still recognized her right to visitation, the Mother should be able to make the required showing. The Mother’s remedy lies in the dissolution court.
Affirmed in part; reversed in part.
ALTENBERND and WHATLEY, JJ„ Concur.