923 So.2d 588 (2006)
Russell J. BARABAS, Appellant,
v.
Nancy K. BARABAS, Appellee.
No. 5D05-747.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
John D. Middleton, Melrose, for Appellant.
No Appearance for Appellee.
THOMPSON, J.
Russell J. Barabas ("Husband") challenges a final judgment's equitable distribution of alleged nonmarital property to Nancy K. Barabas ("Wife"). We agree with the Husband that the court erred in adjudicating property rights of nonparties, and we therefore reverse. Other defects in the equitable distribution also require a *589 reversal and remand for further proceedings.
The Husband filed a petition for dissolution of marriage with no dependent or minor children or property, alleging that the parties did not own any real property. The Wife answered, admitting all of the allegations of the petition.[1] The Husband's statement of the evidence[2] also declares that the parties did not own any real property. The trial court approved the Husband's statement of the evidence, but revised the paragraph concerning the parties' property and stated: "At the time of the dissolution of marriage, the parties did not jointly own any real property."
The Husband's financial affidavit listed as real estate a home with a value of $45,000. His affidavit did not specify whether it was marital or nonmarital property, but the liabilities section of the affidavit states that the first mortgage on the home in the amount of $30,000 was his nonmarital liability. The Wife's financial affidavit does not list any interest in real estate. There was no settlement agreement regarding their property.
The court conducted a final hearing with the Husband present and the Wife participating by telephone. The court granted the petition, but reserved jurisdiction as to the marital home, and directed the petitioner to submit a deed and affidavit concerning the mortgagor. The record includes a letter filed before the hearing that Wayne Kuntz, the Wife's brother, wrote concerning the Husband's allegation that the parties owned no property together. Mr. Kuntz also informed the court that he would be present for the evidentiary hearing.
Pursuant to the court's request, the Husband delivered copies of his deed, mortgage, and tax bill for the subject property. These documents show that the Husband's parents quitclaimed to him an interest in the subject property and, later, after his father's death, his mother, Ruth Barabas, again quitclaimed the property in August 2000 to the Husband and herself as joint tenants with right of survivorship.
The court apparently was attempting to fashion an equitable remedy based upon evidence presented at the final hearing. Mr. Kuntz communicated to the judge that the Husband and Wife had been making cash payments to the Husband's parents for many years on the real estate where they lived the entire marriage until the Wife moved to a nursing home. He also presented the court with a copy of a canceled check for $20,000, endorsed by Ruth Barabas, from alleged proceeds of the Wife's inheritance and with the memo "Property for Nancy." There is a suggestion in the record that her $20,000 payment would pay off a mortgage, and the Wife and Husband would then own the property free and clear.
Without making any findings of fact or law, the court's final judgment decreed that the Husband and Wife were the present owners of the subject property and that, as a result of the divorce, became tenants in common thereof. Further, it *590 declared that the parties may sell the property and evenly divide the proceeds, or either party may seek a partition. The husband appeals.
The court committed error because it lacked jurisdiction in the dissolution proceeding to adjudicate property rights of a non-party. See Minsky v. Minsky, 779 So.2d 375, 377 (Fla. 2d DCA 2000).
The quitclaim from Ruth Barabas to the Husband is the document referenced in the final judgment. The Husband contends that there was no evidence to support any conclusion except that he and his mother held title to the property. Regardless of the persuasiveness of the Wife's testimony, Mr. Kuntz's letter and testimony, and the $20,000 canceled check that bolstered the court's conclusion that the home was joint marital property subject to equitable distribution, the court lacked jurisdiction in the dissolution of marriage proceeding to adjudicate entitlement to the property. We, therefore, reverse the final judgment with respect to the subject property and remand for further proceedings.
The final judgment also lacks adequate findings to support the court's conclusions of law. Here the parties contest ownership of the property. Section 61.075(3)(c), Florida Statutes (2004), provides that in a contested dissolution action, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent, substantial evidence with reference to the factors enumerated in section 61.075(1). Those factors include among other things each spouse's contribution to the marriage, their economic circumstances, the duration of the marriage, the contribution of each spouse to the acquisition or improvement of marital assets and nonmarital assets, and other factors. See Schriefer v. Schriefer, 831 So.2d 1284, 1286 (Fla. 5th DCA 2002); Ingle v. Ingle, 640 So.2d 223, 224 (Fla. 5th DCA 1994); Plyler v. Plyler, 622 So.2d 573, 574 (Fla. 5th DCA 1993).
The Husband's petition alleged that there was no marital property; clearly, however, as the trial court found, a dispute exists concerning the title to the home and the property's character.[3] Because a dispute exists concerning this property, the trial court is required to make written findings in the judgment, identifying the parties' substantial marital assets and liabilities, and valuing them as of an appropriate date. Brock v. Brock, 690 So.2d 737, 740 (Fla. 5th DCA 1997). If necessary and appropriate, the court may take additional testimony to determine proper valuation of assets and liabilities. Id. The trial court must make specific written findings about the identity and value of the parties' significant assets in order to allow intelligent review. Harreld v. Harreld, 682 So.2d 635, 636-37 (Fla. 2d DCA 1996); Walsh v. Walsh, 600 So.2d 1222, 1223 (Fla. 1st DCA 1992). After determining the character of the property, the trial court must determine a date of valuation pursuant to section 61.075(6), Florida Statutes (2004), and make findings concerning the property's value. See Noone v. Noone, 727 So.2d 972 (Fla. 5th DCA 1999) (holding that determination of valuation dates is squarely within the trial court's discretion). The court's failure to identify the marital assets and debts and their value constitutes reversible error and requires remand for appropriate findings. Cook v. Cook, 714 So.2d 1158, 1159 (Fla. 5th DCA 1998).
Upon remand, the trial court should make the requisite written findings that *591 identify the parties' marital assets and liabilities[4] and value them as of an appropriate date. The court should take additional evidence, as necessary, and make findings as to whether the property is marital or separate, its value, equitable distribution, and the apportionment of the mortgage liability. Vaccaro v. Vaccaro, 677 So.2d 918, 920 (Fla. 5th DCA 1996).
Accordingly we REVERSE the final judgment and REMAND for further proceedings with instructions.
ORFINGER, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
Because the trial judge elected to adopt the appellant's statement of the evidence, I agree that the court lacked the power to adjudicate the rights of one of the record grantees without her participation in the proceedings, which is what the judgment appears to do.
NOTES
[1] The Wife's answer and financial affidavit appear to have been completed in the Husband's handwriting although signed by her. She has been diagnosed with multiple sclerosis and has resided in a nursing home since 1999. We note that the Husband did not file a simplified petition for dissolution of marriage employed when the parties have agreed on a property division.
[2] Because there is no transcript of the evidentiary proceeding below, the Husband prepared a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), to which the Wife did not object.
[3] We do not comment on any proceedings the Wife might utilize to litigate title to the real property.
[4] The Husband presented a mortgage and amortization schedule that reflected total mortgage debt exceeding $30,000 on the subject property.