949 So.2d 350 (2007)
Neli MONTALVO, Appellant,
v.
Robert MONTALVO, Appellee.
No. 4D06-1882.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*351 Siobhan Helene Shea of Siobhan Helene Shea Appellate Practice, Palm Beach, for appellant.
No brief filed for appellee.
STEVENSON, C.J.
This is an appeal by Neli Montalvo of the final judgment of dissolution of her four-year marriage to Robert Montalvo. The parties have one minor child, a daughter born in August 2002. In the final judgment, the trial court declared the wife primary residential parent of the minor child, awarded the husband visitation, and made an unequal distribution of the marital assets. We affirm in part and reverse in part.
A review of the equitable distribution provisions of the final judgment shows that the husband was awarded $115,503 in marital assets and the wife $23,750. After this distribution, the trial court then required the husband to pay the wife $31,000. Thus, in the end, the husband received $84,503 and the wife $54,750  a discrepancy of some $29,753. We agree with the wife that the unequal distribution of the marital assets must be reversed absent any findings referencing factors in Florida Statutes section 61.075 (2006), and explaining reasons for the unequal distribution. See, e.g., Boutwell v. Adams, 920 So.2d 151, 153 (Fla. 1st DCA 2006); Peacock v. Peacock, 879 So.2d 96 (Fla. 4th DCA 2004); Bailey v. Bailey, 851 So.2d 286, 287 (Fla. 3d DCA 2003). On remand, the trial court must reconsider the distribution scheme and either effect an equal distribution or make findings necessary to support unequal distribution. Additionally, we note that the trial court may consider the misconduct of either party in fashioning the equitable distribution only if the misconduct resulted in wasting or depletion of the marital assets. See, e.g., Murray v. Murray, 636 So.2d 536, 538 (Fla. 1st DCA 1994).
With respect to visitation, the final judgment allows the husband two nights per week with the child with the proviso *352 that he tell the wife "in advance" which days he intends to take the child. The wife complains that since the order gives the husband sole discretion to pick the two days for his visitation and does not establish any timeframe for the notice that he is required to give, the order creates an unmanageable situation where she and the child "will not be able to organize their life or make plans." We agree to an extent with the wife's complaint. Normal planning for weekend and other leisure activities for the wife and child together could be difficult and easily disrupted. As presently established, the visitation schedule is simply unreasonable. Cf. Booth v. Booth, 842 So.2d 878 (Fla. 2d DCA 2003) (reversing judgment that awarded mother visitation, but failed to establish schedule of any kind); Letourneau v. Letourneau, 564 So.2d 270 (Fla. 4th DCA 1990) (reversing judgment awarding husband visitation to be exercised upon approval of wife and remanding with instructions that the trial court establish schedule); Savoy v. Savoy, 529 So.2d 829, 830 (Fla. 5th DCA 1988) (reversing judgment that awarded father "restricted and limited visitation," but permitted mother to determine when such visitation would occur).
Lastly, the trial court included a provision in the final judgment providing that "[n]either party shall remove the children from the counties within the 19th Judicial Circuit, Palm Beach or Broward Counties, without a Court Order." The wife complains that this provision is not in the best interests of the child because it may prevent the child from experiencing ordinary and routine trips with either parent unless the court becomes involved. While case law recognizes that, in the context of a marital dissolution, trial courts have the authority to restrict a child's travel out of the country, out of the state, or out of the county, see McIntyre v. McIntyre, 452 So.2d 14, 20 (Fla. 1st DCA 1984), "[t]he predicate for the existence of this power is a showing that the movement of the child may interfere with the visitation rights accorded to the other party," Foss v. Foss, 392 So.2d 606, 608 (Fla. 3d DCA 1981). Here, nothing in the evidence suggested that either parent having the ability to temporarily travel out of the county with the child will interfere with visitation. Thus, on remand, the trial court is directed to remove the travel restriction from the final judgment.
We have carefully considered the other issues raised by the wife on appeal, but we find no error.
Affirmed in part, Reversed in part, and Remanded.
KLEIN and SHAHOOD, JJ., concur.