ON AMENDED MOTION FOR REHEARING

PER CURIAM.
We write to address one issue raised in the husband’s motion for rehearing. The motion found our failure to address Bara- *301 bas v. Barabas, 923 So.2d 588 (Fla. 5th DCA 2006) to be “confounding.” The husband says that the final judgment divested his “mother of property titled in her name alone and award it to the [former wife].”
Barabas does not apply to this case because the final judgment did not adjudicate the property rights of a non-party, but contemplated that a further action would be necessary to do so.
The final judgment found that a part of the property at issue was a marital asset. The judge found that the “husband transferred the marital interest in this property to his mother in an effort to diminish the value of the marital estate.” As between the husband and the wife, the court ruled that the wife was entitled to an ownership interest in the property. The court recognized that the wife would have to file a separate action against her mother-in-law to force her to transfer title, when it wrote: “Wife shall be entitled to file any appropriate action necessary to effectuate the transfer of this property to her as it is intended in this Final Judgment.”
The amended motion for rehearing is denied.
WARNER, FARMER and GROSS, JJ„ concur.