984 So.2d 1277 (2008)
Christian Andrew Paul KOVATS, et al., Appellants/Cross-Appellees,
v.
Leslie Diane GREGG-KOVATS, Appellee/Cross-Appellant.
Nos. 5D06-4421, 5D07-2053.
District Court of Appeal of Florida, Fifth District.
June 27, 2008.
*1278 Paula E. Pratt of Pratt and Morrison, P.A., and James E. Cheek, III, of Winderweedle, Haines, Ward & Weedman, P.A., Winter Park, for Appellants/Cross-Appellees.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellee/Cross-Appellant.
PER CURIAM.
Both parties to this dissolution of marriage proceeding appeal various rulings made by the trial court. Competent, substantial evidence supported the majority of the court's findings, including the decision to utilize different dates for determining the value of various assets. See § 61.075(6), Fla. Stat. (2006); Barabas v. Barabas, 923 So.2d 588 (Fla. 5th DCA 2006). Likewise, the court's ruling on attorney's fees was not an abuse of discretion. Vitalis v. Vitalis, 799 So.2d 1127, 1132 (Fla. 5th DCA 2001). Only two issues require discussion.
First, as part of the valuation of the former husband's businesses, the court awarded enterprise goodwill in the total amount of $115,235, after apparently, looking at the appreciation of the businesses' values during the course of the marriage. There was substantial, competent evidence to support the finding of enterprise goodwill with a value of $55,235. However, there was no basis in the record for the additional $60,000 in enterprise goodwill awarded by the trial judge. It is incumbent upon the proponent of the existence of enterprise goodwill to present evidence from which the trial judge can make such a finding. See Young v. Young, 600 So.2d 1140, 1142-43 (Fla. 5th DCA 1992). That evidence was lacking in this case. To the extent the additional $60,000 was factored into the equitable distribution scheme, the equitable distribution award is remanded for reconsideration. Weinstock v. Weinstock, 634 So.2d 775, 778 (Fla. 5th DCA 1994).
Second, the parties agree that the trial court erred in failing to set a date for payment or otherwise establishing a reasonable payment schedule for the equitable distribution equalizing payment. See McAvoy v. McAvoy, 662 So.2d 744 (Fla. 5th DCA 1995).
AFFIRMED in Part, REVERSED in Part and REMANDED.
PLEUS, EVANDER, and COHEN, JJ., concur.