CIKLIN, J.
Lawrence Gilbert, the former husband, appeals the trial court’s amended final judgment of dissolution of marriage. The former husband contends, among other things, that the trial court erred in allocating a disproportionate share of the marital liabilities to him without including factual findings to explain or justify the unequal distribution. We agree and reverse the equitable distribution portion of the amended final judgment and remand for reconsideration. We affirm all other aspects of the amended final judgment without comment.
A review of the equitable distribution provisions of the amended final judgment shows that the trial court allocated over $200,000 in liabilities, mostly credit card debt, to the former husband and less than $2500 to the former wife. Pursuant to section 61.075(3), Florida Statutes (2010), when a trial court makes an unequal distribution of the marital assets and liabilities in a contested dissolution action, the trial court must include “factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in” section 61.075(1) to explain or justify the disproportionate equitable distribution. Failure to include these findings in the final judgment constitutes reversible error. See, e.g., Lule v. Lule, 60 So.3d 567, 568 (Fla. 4th DCA 2011); Jalileyan v. Jalileyan, 4 So.3d 1289 (Fla. 4th DCA 2009). On remand, the trial court must reallocate the marital liabilities or make factual findings necessary to support an unequal distribution. Montalvo v. Montalvo, 949 So.2d 350, 351 (Fla. 4th DCA 2007).
We find the other issues raised by the former husband to be without merit and áffirm in all other respects the amended final judgment of dissolution.

Affirmed in part, reversed in part, and remanded for further proceedings.

TAYLOR and GERBER, JJ., concur.