PER CURIAM.
This is an appeal by the husband in a dissolution of marriage case. Three points have been raised on appeal, but only one has merit.
The trial court found that a certain diamond ring was the wife’s separate property and ordered the husband to deliver the ring to the wife. However, the court further ordered that the husband could have the right to possession and ownership of the ring upon payment to the wife of $5,000.00. At the trial, the husband testified that he merely loaned the ring, which was a family *892 heirloom, to his wife. The wife, on the other hand, contended that her husband gave the ring to her with the understanding that the ring was hers, subject to the condition that she give it to one of his children when she died. In other words, the wife claimed a gift for life, while the husband claimed that he only meant for his wife to wear the ring during their marriage and did not intend to transfer ownership to her.
The testimony is in conflict; the trial court, as the finder of fact, could have accepted either version. If the court believed the husband’s testimony, the ring should have been given to the husband without the requirement that he pay $5,000.00 to his wife. If the court believed the wife’s testimony, the ring should have been given to the wife for life, subject to the condition that she give the ring to one of the husband’s children upon her death. There is no basis in the evidence, however, to find that the ring is the wife’s separate property subject to the husband’s right to purchase the ring for $5,000.00. This portion of the final judgment is reversed and the case is remanded for the trial court to determine, consistent with this opinion, the ownership and right of possession of the ring. The remainder of the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
DOWNEY, ALDERMAN and DAUKSCH, JJ., concur.