BERANEK, Judge.
Defendant appeals a final judgment entered November 3, 1976. The plaintiff cross-appeals. The parties will be referred to as they appeared in the trial court.
This is a breach of contract case. The parties were real estate brokers who cooperated in the sale of a tract of land. Defendant had the last dealings with the buyer and received a $15,000.00 commission. Plaintiff sued for a portion of the $15,-000.00 alleging a stated oral contract to split the commission on a 50/50 basis. Defendant denied the existence of the contract and the case was tried non-jury. We reverse.
At trial both parties testified that there was actually no agreement to split the commission on any basis whatsoever. The plaintiff presented the testimony of an expert over defendant’s objection. The expert stated that when brokers cooperate in a sale there is a custom that they will split the commission 50/50 if no formal agreement is made. The trial court entered final judgment for plaintiff awarding $5,000.00 or one-third of the total $15,000.00 commission.
Defendant contends the trial court erred in granting recovery on an implied contract when the pleadings did not allege such a *786 theory. It is also asserted that the proof was insufficient to prove any contract either express or implied. The plaintiff has cross-assigned error and contends the court erred in awarding one-third rather than one-half of the total commission.
The theory of the plaintiff’s case as asserted in the complaint was that of an express oral contract to split a commission on a 50/50 basis. The proof at trial did not come close to supporting this theory. Indeed, plaintiff does not even contend on appeal that there was evidence of a specific agreement to split the commission 50/50. Instead plaintiff says that there was a missing term in an implied contract and that this can be supplied by the expert’s opinion that brokers customarily split commissions 50/50 when they make no other agreement. Under these circumstances, the trial court erred in finding an implied contract between the parties to split the commission on a one-third/two-thirds basis. There was absolutely no support in the pleadings or evidence for this finding. The trial court should not have found a one-third/two-thirds implied contract based on a complaint alleging only a specific and express 50/50 contract. Chandler v. Chandler, 330 So.2d 778 (Fla.1st DCA 1976). A contractual right may not be enforced unless proved by competent evidence. There was no such proof here. See, Rood v. Miami Air Conditioning Co., 193 So.2d 216 (Fla.3d DCA 1967), and Terrell v. Terrell, 344 So.2d 891 (Fla.4th DCA 1977). This is not a situation where issues not pled were tried by consent. Timely objections were made throughout. Final judgment below is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
CROSS and MOORE, JJ., concur.