PER CURIAM.
Upon a careful review of the record in this case, we cannot afford the appellant any substantial relief from the judgment he deems oppressive. While we may disagree with the generosity of the awards made and the denial of the special equity, we cannot reverse the judgment. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Walter v. Walter, 464 So.2d 538 (Fla.1985).
We do find error, though, in the requirement that appellant have appellee covered under his employer's health insurance policy, or provide an alternative “approved by” appellee. We were informed by the parties that the employer’s policy would not cover an ex-spouse. To require the appellant to solicit appellee’s “approval” of an insurance policy would likely lead to irresolvable problems in this case. It is clear that if the appellee needs or wants such insurance she is in at least as good a position, financially, as appellant to provide it. That portion of the judgment is reversed, but the remainder is affirmed.
REVERSED in part; AFFIRMED in part.
COBB, C.J., and DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.