623 So.2d 540 (1993)
Darlene H. ALLEN, f/k/a Darlene R. Heinrich, Appellant,
v.
Walter R. HEINRICH, Appellee.
No. 92-02830.
District Court of Appeal of Florida, Second District.
July 23, 1993.
Rehearing Denied September 1, 1993.
Edna Elliott, Tampa, for appellant.
S. Grant Halliday, Tampa, for appellee.
DANAHY, Acting Chief Judge.
The former wife challenges the amended final judgment entered on the parties' petitions for modification of their final judgment of dissolution of marriage. We affirm in part and reverse in part.
We agree with the former wife that the trial court erred in failing to award her attorney's fees and costs. She points out that the purpose of awarding attorney's fees is to insure that both parties have a similar ability to obtain legal counsel. Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). The award of attorney's fees depends not on who wins, but rather on the relative financial circumstances of the parties. Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982).
Since the dissolution of the parties' marriage, the former husband has become a county judge earning $76,851 per year. Even imputing to the former wife past earnings of $24,000, the former husband's earnings are three times greater than the imputed income to the former wife. We reject the former husband's argument that the former wife should be required to meet her obligation for attorney's fees by application of her separate assets.
Because we believe the trial court abused its discretion in this regard, we reverse the final judgment to the extent that it fails to award the former wife attorney's fees and costs.
The former wife also complains that the trial court failed to require payment of child support by an income deduction order. The former husband concedes this issue and agrees to the entry of an income deduction order. Accordingly, we reverse the final judgment on this point and remand for the entry of an income deduction order.
The trial court failed to rule at all with respect to the former wife's request for a financial accounting as to the former marital home. We agree with the former wife that the trial court erred in not addressing a matter raised by her pleadings. Our disposition *541 of this case is without prejudice to the former wife's pursuing her claim for an accounting before the trial court and for the entry of an appropriate ruling by the trial court on that issue.
We affirm the final judgment in all respects other than those addressed in this opinion.
Affirmed in part, reversed in part, and remanded.
HALL and PATTERSON, JJ., concur.