625 So.2d 941 (1993)
WFTV, INC., d/b/a the Palm Beach Post, Appellant,
v.
Peggy S. ROBBINS, in Her Official Capacity As Supervisor of Elections of Martin County, Appellee.
No. 92-3333.
District Court of Appeal of Florida, Fourth District.
October 20, 1993.
*942 L. Martin Reeder, Jr., and Cristina M. Simon of Steel Hector & Davis, West Palm Beach, for appellant.
Noreen S. Dreyer and Gary K. Oldehoff, Stuart, for appellee.
POLEN, Judge.
Appellant, WFTV, Inc. d/b/a the Palm Beach Post, appeals from a final order denying its petition for writ of mandamus for the release of certain public records on the grounds that WFTV's complaint was rendered moot. WFTV also appeals the trial court's denial of its request for attorney's fees and costs. We reverse.
On September 11, 1992, WFTV filed an emergency complaint to enforce the public records law, section 119.07(1)(a), Florida Statutes (1991), in the circuit court for Martin County. The complaint sought a writ of mandamus requiring Peggy S. Robbins, the Supervisor of Elections in Martin County, to permit WFTV to inspect and copy "all documents containing the number of votes recorded on all Martin County voting machines and absentee ballots for State Senate District 27 candidates Melanie Brenner and Steve Pincket in the September 1, 1992 primary elections." Ms. Robbins denied WFTV access to these records pursuant to an order entered by the same court in another lawsuit (James Constentino, etc. v. Melanie Brenner, et al.),[1] in which she was ordered to keep the records of the votes under seal and not to disclose them to the public. This order was specifically sought by Ms. Robbins by way of a motion dated September 1, 1992, seeking "directions" from the court, as it was too close to the elections to remove Ms. Brenner's name from the ballots.
WFTV's emergency motion was heard on September 16, 1992, at which time WFTV argued that the Constentino order constituted an attempt to fashion a judicial exception to the public records law and that such an attempt was prohibited by Florida law. The court entered its order on October 19, 1992, in which it agreed that the Constentino order requiring Ms. Robbins to keep the records sealed was illegal and in direct violation of chapter 119, Florida Statutes. The court further found that it had inherent authority to amend its illegal order, and did so, deleting all provisions requiring Ms. Robbins to keep the voting records confidential. However, it ordered that the relief requested by WFTV be denied as its complaint was rendered moot by the court's amendment of the Constentino order. In addition, the court denied WFTV's request for attorney's fees *943 and costs for the stated reason that Ms. Robbins did not intentionally violate the public records law.
In spite of the lack of factually similar authority, the definition of mootness alone supports a conclusion that the lower court erred in determining that WFTV's public records action was moot. Mootness occurs when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome. Montgomery v. Department of Health and Rehabilitative Services, 468 So.2d 1014, 1016 (Fla. 1st DCA 1985) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 502 (1969)). The trial court's determination that it had erred in ordering the voting results sealed, and its amendment of the Constentino order, did not moot WFTV's public records action since the issue of whether Ms. Robbins would release the voting results remained live, as she had not yet disclosed the results to WFTV. In addition, contrary to Ms. Robbins' assertion, the record does not substantiate that she stipulated or agreed to release the voting results to WFTV. Further, Ms. Robbins does not dispute the issues of whether the voting results were actually public record, or whether the Constentino order unlawfully attempted to create an exception to the Public Records Act. Thus, as WFTV's public records action was not moot, and there is no dispute as to whether the voting results were public records, nor any dispute as to the illegality of the Constentino order as purporting to create an exception to the Public Records Act; we reverse and remand with directions to enter judgment for WFTV on this request for the records.
We likewise reverse the lower court's denial of WFTV's request for attorney's fees and costs on the authority of section 119.12(1), Florida Statutes (1991), which provides:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record, to be inspected, examined or copied, the court shall assess and award, against the agency responsible the reasonable cost of enforcement, including reasonable attorneys fees.
(Emphasis added.) Further, in New York Times Company v. PHH Mental Health Services, 616 So.2d 27 (Fla. 1993)[2], while determining the application of said statutory section to a particular factual scenario, the court stated: "[Refusal] by an entity that is clearly an agency within the meaning of chapter 119 will always constitute unlawful refusal." Further, in PHH, the supreme court established that the purpose of section 119.12(1) in authorizing an award of attorney fees against an agency that fails to comply with the open records requirement, is to encourage public agencies to voluntarily comply with such requirements and encourage persons seeking access to such records to pursue their right to access beyond the initial refusal by the reluctant public agency. PHH, 616 So.2d at 29. Thus, in keeping with said purpose, and the fact that the Constentino order sealing the voting records was part of the relief specifically sought by Ms. Robbins in a motion to the lower court, subsequently requiring WFTV to file its complaint to enforce the public records law, we reverse and remand to the trial court with directions to determine the appropriate amount of fees and costs owed to WFTV.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Hereinafter referred to as the Constentino order.
[2] We note that the trial court did not have the benefit of the Supreme Court's decision in PHH at the time of its ruling, nor did the parties on appeal when the briefs were filed.