632 So.2d 202 (1994)
In re the Marriage of Judith THRIFT, Appellant,
v.
Dan D. THRIFT, Sr., Appellee.
No. 92-4077.
District Court of Appeal of Florida, First District.
February 16, 1994.
Rehearing Denied March 15, 1994.
*203 Gertrude I. Kehne, Jacksonville, for appellant.
No appearance, for appellee.
WEBSTER, Judge.
Appellant (the wife) seeks review of a final judgment of dissolution of marriage. She presents four issues for review: (1) whether the division of the parties' property constituted an abuse of discretion; (2) whether the denial of rehabilitative alimony constituted an abuse of discretion; (3) whether the award of only $300.00 per month in permanent periodic alimony constituted an abuse of discretion; and (4) whether failure to require appellee (the husband) to pay some or all of her attorney fees constituted an abuse of discretion. We affirm as to the former two issues without discussion. However, we reverse and remand for further proceedings as to the latter two issues.
Section 61.08(2), Florida Statutes (1991), which controls as to the issue involving the amount of permanent periodic alimony, reads:
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party. The court may consider any other factor necessary to do equity and justice between the parties.
In Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980), the supreme court said that:
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds.
The evidence received at the final hearing established that the parties had been married for approximately twenty-two years when the husband filed a petition for dissolution of marriage. At the time of the final hearing, the husband was 44 years old, and the wife was 42 years old. The husband was in relatively good health for his age, whereas the wife had a number of more-or-less serious physical complaints. The husband had worked for the same employer for more than twenty years. His net monthly wages were approximately $2,150.00. The wife, on the other hand, had been a homemaker and mother for virtually all of the marriage. She had dropped out of school in the seventh grade (although she subsequently earned a *204 GED). She was unemployed, and had relatively significant physical limitations and no marketable skills. It is highly unlikely that she will ever earn significantly more than the minimum wage. Although the wife fared somewhat better than the husband in the distribution of marital assets and liabilities, the assets she received consisted of the former marital home (a mobile home and lot), an automobile and household furnishings, none of which was liquid. The wife had no nonmarital property, and no other source of income. The husband had no source of income other than his job. However, he owned a parcel of nonmarital real estate valued at approximately $10,000.00.
The trial court found that the wife had reasonable monthly expenses totaling $1,500.00, and imputed to the wife net monthly wages of $675.00 (based upon a 40-hour workweek, at an hourly wage of $5.00). The trial court then awarded the wife only $300.00 per month in permanent periodic alimony. Taking into consideration all of the relevant factors, we conclude that the amount of permanent periodic alimony awarded is so small as to constitute an abuse of discretion. E.g., Atkins v. Atkins, 611 So.2d 570 (Fla. 1st DCA 1992), review denied, 623 So.2d 493 (Fla. 1993); Sinclair v. Sinclair, 594 So.2d 807 (Fla. 3d DCA 1992).
On the record before us, there is no dispute about the fact that the wife's relatively modest needs are considerably greater than can be met by the amount of alimony awarded, even after taking into account the $675.00 in net monthly income imputed to her. Likewise, there can be little dispute about the fact that the husband has the ability to contribute more than the amount awarded. Without intending to prejudge the issue, based upon the relevant criteria, it would appear that a reasonable alimony award would fall somewhere in the $700.00 to $900.00 range.
Whether one party to a dissolution proceeding should be made to pay some portion or all of the opposing party's attorney fees depends, by statute, upon the relative financial resources of the parties. § 61.16, Fla. Stat. (1991). See McLendon v. McLendon, 483 So.2d 498 (Fla. 1st DCA 1986). Given the significant disparity in the financial resources of the parties here, it was an abuse of discretion to refuse to require the husband to pay at least some portion of the wife's attorney fees.
We reverse those provisions of the final judgment of dissolution of marriage awarding to the wife $300.00 per month in permanent periodic alimony and denying her request for payment by the husband of some portion or all of her attorney fees, and remand to the trial court for further proceedings consistent with this opinion. In all other respects, the final judgment of dissolution of marriage is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS and KAHN, JJ., concur.