THREADGILL, Judge,
concurring in part; dissenting in part.
I respectfully disagree with the majority that it was an abuse of discretion to order the husband to pay any of the wife’s attorney’s fees and costs.
The purpose of awarding attorney’s fees is to insure that both parties have a similar ability to obtain legal counsel. Allen v. Heinrich, 623 So.2d 540 (Fla. 2d DCA 1993). The award of fees depends on the relative financial circumstances of the parties. Id. In this ease the husband was the sole support of the family with a ten-year record of income production and is presently earning $2,020 per month. The wife, on the other hand, remained at home during the marriage raising the parties’ three minor children. Unlike the wife in Murray, cited by the majority, the wife’s earning history is limited to earnings from babysitting in her home which averaged $260 per month. She has no other history of earnings or earning ability. Given the wide disparity in income producing ability, the wife cannot be said to have substantially equal ability with the husband to pay attorney’s fees.
I would also affirm the trial court on the ground that requiring the wife to pay her own attorney’s fees impermissibly diminishes her economic status and security. See Lewis v. Lewis, 485 So.2d 855 (Fla.1986). The lump sum alimony awarded to the wife consists of a mobile home and lot and an automobile. The wife is required to pay all debt associated with the purchase of the home. The wife also receives $169 per week child support and rehabilitative alimony in the amount of $70 per month. The record reflects that these sums meet only the basic needs of the wife and children. There are no other assets or income from which the wife can pay attorney’s fees.
Further, it may be inferred from the record that the wife incurred a substantial portion of attorney’s fees defending against the 'husband’s unsuccessful attempt to secure primary residential custody of the three minor children.
It is clear that the attorney’s fees in this case tax the limited financial resources of this marriage; however, the test for our review is whether the judge’s order was arbitrary, fanciful, or unreasonable, or that no reasonable person would agree with the award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Given the husband’s greatly superior earning ability and the needs of the wife, I do not think the trial court abused its discretion. I would affirm the final judgment in all respects.