669 So.2d 1155 (1996)
Janie WINN, Appellant,
v.
Thomas WINN, Sr., Appellee.
No. 95-417.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for Appellant.
Walter T. Rose, Jr., of Rose & Weller, Cocoa Beach, for Appellee.
W. SHARP, Judge.
Janie Winn (the former wife) appeals from a final judgment of dissolution from Thomas Winn (the former husband). She argues on appeal that the trial court erred in awarding her only $350.00 per month permanent periodic alimony and in failing to require the former husband to bear any portion of her attorney's fees. We agree that an abuse of discretion occurred in this case, and we remand this cause for further consideration.
This was a long-term marriage, during the course of which two children were born: a daughter then eighteen-years-old, who was living with Janie and attending a local community college; and a sixteen-year-old son, *1156 who was living with Thomas. The parties married in 1973, divorced in 1973, and remarried in 1975. Thomas enlisted in the Navy in 1975, and at the time of the dissolution, was going to be eligible to retire from the Navy in sixty to seventy days, after twenty years of service. He testified he planned to retire in six months to one year, and would likely work with United Parcel or Federal Express as a pilot.
The parties married as teenagers, and at the time of the dissolution were relatively young. Thomas was forty and Janie was forty-one. Their married life centered around Thomas' naval career. He enlisted as an E-1, with a high school degree. During his active duty, he earned a Bachelor's Degree in Education and a Masters Degree in Management. He became an officer, and at the time of the dissolution, held the rank of Lieutenant Commander.
His current duty was flying a P-3 Orion, an anti-submarine warfare aircraft. It was anticipated that with recent international developments, the need for this aircraft would diminish. Thomas testified he hoped to fly sufficient additional hours before he retired to meet the requirements of Federal Express and United Parcel for pilots.
During the marriage, the parties moved a total of seven times. Thomas was often assigned to sea duty, which took him away from his family six or more months at a time. Janie had the primary duty of raising the children and providing them a stable home.
She only had a high school diploma, and held various office and clerical positions during her marriage. She worked for Southern Bell from 1973 to 1986. But the family's move to Texas in 1986, necessitated by Thomas' career, required her to resign her position with Southern Bell. This resulted in Janie losing her retirement and other benefits (medical as well as educational, discounts, and prospects for advancement and higher pay). Her pension (worth $2,200) was put into a house they bought in Texas. At the time of the dissolution, Janie held a clerical position with Allstate earning $7.97 per hour, for a thirty-seven hour work week.
The parties apparently experienced marital difficulties in 1991 and 1992, although they did not separate until 1993. Thomas filed a dissolution suit in 1993, but dismissed it, after agreeing with Janie they would postpone their dissolution until May of 1995, so that Janie would be eligible for valuable military benefits based on Thomas' twenty years of military service.
Later in 1993, Janie also filed a dissolution suit, but did not serve Thomas. She testified the purpose of the suit was to require Thomas to provide support for herself and the children. At that time, due to loss of support from him, she was in desperate financial circumstances. When support was resumed, she let the suit go inactive but did not dismiss it.
She was surprised when Thomas used this suit to effect service on himself, and to file a counterclaim for dissolution. He pushed this suit to final hearing on December 2, 1994, thereby depriving Janie of military benefits she would have been entitled to receive had the dissolution concluded five months later.
The financial circumstances of the parties was not substantially controverted. The trial court found that Thomas' net monthly income was $4,425.00, and Janie's was $1,330.00. Admittedly, Thomas will have substantial military benefits which were not valued.
They had approximately $80,000 in marital assets, which the court divided close to equally. Only a minor part was "liquid" or income-productive. The major marital asset was Thomas' military pension, which the court divided between the parties, in kind, with 49.5 percent to Janie. This was projected to amount to $959.00 per month for Janie when received.
The court found that Janie had contributed more in physical and emotional "outlays" to the marriage, than Thomas, and she had been more "steadfast" in trying to preserve it. He also found:
The husband has been insistent on an immediate divorce, even though such issue has been lingering for some time between the parties on a tacit agreement that they would not obtain a divorce until the wife became entitled to commissary, military *1157 exchanges, and government medical care, benefits, which benefits she will not be entitled to because this divorce has occurred prior to May, 1995.
The court also found the parties' standard of living during this marriage had been upper middle income level. After the dissolution, the husband's standard of living would be mid-middle and the wife's lower-middle, unless she were awarded permanent periodic alimony. It also found that following the dissolution, Thomas will continue to have a greater earning capacity than Janie, and he surmised at the final hearing that Janie had slim prospects to improve her earning capacity.
Because of these findings and the equities in this case, the court ruled that permanent alimony should be awarded to Janie. In fact, even the attorney for Thomas conceded in his opening statement that permanent alimony should be awarded to Janie, up until the time she begins to receive her share of the military retirement. The trial judge speculated he would like to set two levels of alimony: one to apply prior to receipt of the retirement pay; and one after. Both counsel advised against this course of action. Accordingly, the trial judge awarded Janie $350.00 per month permanent periodic alimony.
This amount is woefully inadequate to meet the former wife's needs, and to allow her to maintain a "mid-middle income" level lifestyle, unless it supplements the anticipated military retirement payment of $957.00 per month. Janie's financial affidavits demonstrated a deficit of expenses over net income of $2,000 to $1,800 per month.
Counsel for Thomas challenged the amounts shown on Janie's affidavits for expenses on the ground that the parties' eighteen-year-old daughter was living with Janie, while attending a local community college, and some of the expenses for her were included in these figures. It is somewhat quirky, based on Florida case law,[1] that Janie is being required by the judgment to pay Thomas $207 per month child support for the parties' sixteen-year-old son, but she gets no credit for supporting and educating the parties' still dependent, eighteen-year old daughter.
In any event, it is likely and probable that Janie's expenses for her daughter form but a small part of her total expenses shown on her affidavits. If $500.00 per month were attributable to the parties' daughter's education and/or living expenses, Janie still has a deficit of expenses over net income, in the range of $1,500.00 to $1,200.00 per month. She testified she would need at least $1,200.00 per month, to maintain a drastically reduced standard of living.
Thomas' financial affidavit and the testimony at trial demonstrate, based on his income of $4,425.00, that he can afford to pay more than $350.00 per month to meet Janie's living expenses. During the marriage and immediately prior to the dissolution, he was paying in excess of $2,000.00 per month for her support.
We conclude that the award of $350.00 per month permanent periodic alimony is an abuse of discretion in this case.[2] It appears to us that the $350.00 award may have been based on an assumption that Janie would soon be receiving $942.00 per month, military retirement, and combined with that amount, her needs would be met. However, based on this record, Janie's receipt of the military retirement had not yet begun, and there was no set date as to when it would commence. Alimony awards should be based on current existing circumstances, and not on possibilities likely but as yet unrealized.[3]
Accordingly, we reverse the alimony award and remand this cause to the trial court to *1158 set an amount commensurate with the former wife's needs and the former husband's ability to pay.[4] The court may take additional testimony and consider the financial circumstances of the parties as they exist at the time of remand. Further, on remand, the court may also revisit the question of its denial of Janie's request for attorney's fees.[5] If the parties' financial circumstances are comparatively equal, each should bear his or her own fees.[6]
REVERSED and REMANDED for further consideration.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Grapin v. Grapin, 450 So.2d 853 (Fla. 1984); Madson v. Madson, 636 So.2d 759 (Fla. 2d DCA 1994); Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992); Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983).
[2] Thrift v. Thrift, 632 So.2d 202 (Fla. 1st DCA 1994); Atkins v. Atkins, 611 So.2d 570 (Fla. 1st DCA 1992), rev. denied, 623 So.2d 493 (Fla. 1993); Greeley v. Greeley, 583 So.2d 1078 (Fla. 1st DCA 1991); Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA 1991).
[3] McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995); Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994).
[4] Rojas v. Rojas, 656 So.2d 563 (Fla. 3d DCA 1995); Mitzenmacher v. Mitzenmacher, 656 So.2d 178 (Fla. 3d DCA 1995); Hann v. Hann, 629 So.2d 918 (Fla. 2d DCA 1993).
[5] Hamlet v. Hamlet, 583 So.2d 654 (Fla.1991); Pitts v. Pitts, 626 So.2d 278 (Fla. 1st DCA 1993); Allen v. Heinrich, 623 So.2d 540 (Fla. 2d DCA 1993); Lochridge v. Lochridge, 526 So.2d 1010 (Fla. 2d DCA 1988).
[6] Overbey v. Overbey, 664 So.2d 351 (Fla. 5th DCA 1995); Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994); Schiller v. Schiller, 625 So.2d 856 (Fla. 5th DCA 1993).