816 So.2d 1251 (2002)
John Robert SPITULSKI, Appellant,
v.
Laura SPITULSKI, Appellee.
No. 5D01-3053.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
James P. Woods, of Law Offices of James P. Woods, P.A., Orlando, for Appellant.
Kevin Knight, of Drage, Debeaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Appellee.
GRIFFIN, J.
John Spitulski appeals the final judgment of dissolution of marriage to Laura Spitulski. He raises two issues. The first is whether the trial judge erred in denying his motion for continuance.
A motion for continuance is directed to the sound judicial discretion of the trial court and the denial of continuance will not be reversed unless it clearly and affirmatively appears on the record that the denial was a palpable abuse of discretion. Smith v. State, 762 So.2d 929 (Fla. 4th DCA 2000), review denied, 786 So.2d 1188 (Fla.2001); Lopez v. Lopez, 689 So.2d 1218 (Fla. 5th DCA 1997). Given the facts, there is no showing of an abuse of discretion in denying the motion for continuance.
We do, however, find an error in the final judgment concerning the allocation of marital assets. The trial court determined that the former wife had contributed $7,000 and the former husband had contributed $37,500 to the marital residence. The trial court gave the former husband full ownership rights in two businesses in exchange for any special equity he might assert in the marital residence. The businesses are not valued in the final judgment, however.
The trial court was obliged to make written findings as required by section 61.075(3), Florida Statutes, but failed to make valuations of the marital assets. This court has held that the failure to *1252 make requisite findings regarding an equitable distribution constitutes reversible error. See Henin v. Henin, 767 So.2d 1284 (Fla. 5th DCA 2000); Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999); Cook v. Cook, 714 So.2d 1158 (Fla. 5th DCA 1998). Without such findings, meaningful appellate review is impossible.
We are unable to determine whether the trial court unequally distributed the assets. The former husband testified that his 1999 tax forms indicate that Brothers Landscaping made somewhere between $15,000 to $20,000. His financial affidavit indicates that the fair market value of Brothers Landscaping, including a vehicle, is $28,000. The former husband also testified that Spitz Racing has always operated at a loss. The trial court may have omitted valuation from the judgment because the evidence presented by the parties on this issue was so scant at trial, but some value must be ascribed. The court may either make these valuations based on the evidence presented, or, if the court chooses, a hearing can be held. See Brock v. Brock, 690 So.2d 737, 740 (Fla. 5th DCA 1997).
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and HARRIS, JJ., concur.