PER CURIAM.
In this consolidated appeal, Eutimio Ruiz (Husband) appeals from an Amended Final Judgment, and an Order granting Nancy Ruiz’ (Wife) Motion for Contempt, Motion to Compel, and Motion for Appellate Attorney’s Fees. We reverse and remand for a new trial.
As in most divorce cases, the record in this case contains widely diverse views of the facts and financial positions, both past and present, of the parties. Although a thorough search of the record could yield evidence to support most, if not all, of what the trial judge did, the Amended Final Judgment entered in this cause makes no findings indicating what evidence the court accepted and what evidence the court rejected. Trying to determine the trial judge’s view of the evidence is further complicated by the' fact that a subsequent judge, in handling a contempt proceeding, appears to have made findings which, on their face, appear to be in conflict with the findings made in the Amended Final Judgment.
In the Amended Final Judgment, the trial judge ordered the husband to pay alimony of $600.00 per week but also acknowledged the fact that the husband was unemployed. In the said Amended Final Judgment, the trial judge did not impute income to the Husband but, rather, erroneously based the alimony award on the judge’s optimistic expectations that the husband would soon become employed again in the near future. Judgments of dissolution which incorporate a consideration of future events in setting support amounts are usually improper because of the lack of an evidentiary basis for determining those future events. See Aarts v. Aarts, 636 So.2d 57, 58 (Fla. 2d DCA *1114 1994). That erroneous part of the Amended Final Judgment becomes part of the complication that arises from the fact that a subsequent judge, presiding over a contempt hearing regarding the Husband’s failure to pay alimony, treats the Husband as though the Amended Final Judgment had imputed income to him.
In addition to speculating about the Husband’s future income, the alimony portion of the Amended Final Judgment also contained no findings with respect to the Husband’s then present ability to pay and no discussion of the Wife’s financial resources. Thus, the trial court erred in failing to make a finding of the Husband’s present ability to pay as required by Section 61.14(5)(a), Florida Statutes, and in failing to consider the financial resources of each party as required by Section 61.08(2), Florida Statutes. Moreover, in setting the equitable distribution awards, the trial court failed to value and equitably distribute certain marital assets, including, but not limited to, the parties’ household furniture.
Finally, the Amended Final Judgment indicates that the parties have a tax liability as a result of withdrawals made by the Husband from his IRA plan to “cover debts.” Despite the fact that the record reflects that a portion of the withdrawn funds was utilized for marital expenses,[1] the trial court rendered the Husband solely responsible for the tax liability because he falsified his assets and because he did not truthfully disclose his living expenses. Although the Husband demonstrated a lack of candor to the trial court throughout the proceedings, a lack of candor is not among the factors enumerated in Section 61.075(1), Florida Statutes, that would justify an unequal distribution of a marital liability such as this tax liability.
Accordingly, this case is reversed and remanded for a new trial. Naturally, the Order granting the Wife’s Motion for Contempt, Motion to Compel, and Motion for Appellate Attorney’s Fees is reversed in all respects as the Husband cannot be held in contempt for, or be compelled to pay, an alimony award that was improvidently entered and contained no findings of his ability to pay.
Reversed and remanded.

. The Amended Final Judgment also contains no discussion of what portion of the Husband's withdrawals from the IRA was utilized to pay marital debts.