899 So.2d 1154 (2005)
Veronica REDDELL, Appellant,
v.
Jon REDDELL, Appellee.
No. 5D03-1626.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
Rehearing Denied April 28, 2005.
*1155 Sharon Lee Stedman, Orlando, for Appellant.
Julie F. Weinberger, Kissimmee, for Appellee.
THOMPSON, J.
Veronica Reddell ("former wife") appeals a final judgment of dissolution of marriage.
The former wife contends that the trial court erred in failing to list in its final judgment any valuations for the marital assets and liabilities. We agree. Section 61.075(3) states in part that the final judgment shall make a clear identification of marital and non marital assets, an individual valuation of significant assets, and a designation of which spouse shall be entitled to each asset. Guida v. Guida, 870 So.2d 222 (Fla. 2d DCA 2004). These findings should include identifying all the parties' substantial marital assets, and valuing the marital assets and liabilities, as of an appropriate date. Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997). A trial court's failure to make requisite findings regarding an equitable distribution constitutes reversible error. Spitulski v. Spitulski, 816 So.2d 1251 (Fla. 5th DCA 2002).
In the instant case, in the final judgment, no valuation was provided for the marital liabilities or assets. See Spitulski, 816 So.2d at 1251 (reversing and remanding where the trial court was obliged to make written findings as required by section 61.075(3), but failed to make valuations of the marital assets). At the hearing, neither party presented testimony regarding the valuation of actual assets, but Brock is instructive:
The problem in this case is that we cannot determine from a review of the judgment, whether or not there was a close to equal distribution of marital assets and liabilities because there are insufficient value findings, and identification of marital assets and debts. This constitutes reversible error.
Further, the record on appeal is lacking as to evidence to support findings on valuation for some of the marital assets, since none was presented at the final hearing. Behind the statute's requirement of fact findings, which burdens both trial counsel and trial judges in dissolution cases, is the concomitant requirement that there be competent *1156 substantial evidence in the record to support those findings. This is the attorneys' or pro-se parties' burden. A trial judge cannot create findings out of thin air.

The recourse in such cases is to reverse and remand for the purpose of reconsidering and reconstituting the final judgment. If necessary, and appropriate, the trial judge may take additional testimony to determine proper valuation of assets, and liabilities.
Id. at 740 (emphasis supplied) (citations omitted).
Next, we agree with the former wife that the trial court awarded an insufficient amount for permanent periodic alimony. In the instant case, the former wife testified that she needed at least $350 per week, but that amount still would not put her in a similar lifestyle as when she was married. In awarding the former wife $250 per week in alimony, the trial court's findings included:
The parties lived an upper middle class lifestyle with all financial needs of the parties being met.
The Wife is a 39-year old female and was diagnosed with multiple sclerosis in 1999. The Wife's condition has been kept under control with the use of Betaseron injections which is helpful in slowing down the progression of the disease but there are no cures at this time. Although the Petitioner works part-time, she does get fatigued at work and does lie down to rest as needed. The Wife's healthcare needs will continue over time and can be expected to increase in the future.
The Court finds that the Husband has superior financial resources compared to the Wife's. The Husband testified to being the financial breadwinner during the marriage.
The Wife is currently working part time earning approximately $986.58 per month according to her 2002 W2. The Husband is currently earning $7.083.34 per month as reported in his financial affidavit and $8816.25 as reported on his 2001 Income Tax Return and has the ability to pay alimony herein.
The purpose of permanent alimony is to provide the needs and necessities as they have been established by the marriage of the parties. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In the instant case, although the former wife worked part time, this court stated in O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982):
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage.
The trial court is not required to equalize the financial position of the parties, but the trial court must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and in viewing the totality of the circumstances, one spouse should not be shortchanged. Bucknam v. Shelton, 849 So.2d 1204 (Fla. 5th DCA 2003).
In the instant case, the former wife testified that her current living conditions were not similar to the standard of living that she had prior to moving out of the marital residence. Her current financial affidavit reflected only what her bare necessities were. The former wife testified that she did not have an automobile, but she had no financial ability to purchase one. Additionally, the former wife was living in her mother's two-bedroom condominium with her mother and her son.
*1157 According to the trial court's findings, the former wife's income, working part-time, was approximately $12,000 per year, while the former husband's income was approximately $85,000 per year. If the former wife began working full time, her income would be approximately $20,000 per year compared to the former husband's salary of $85,000 per year. We conclude that that the permanent alimony award is insufficient and should be reconsidered. Compare Atkins v. Atkins, 611 So.2d 570 (Fla. 1st DCA 1992) (holding alimony award amount of $750 per month was inadequate where former husband's monthly net income was $7668 and former wife's was $1,050). We find the former wife's remaining arguments to be without merit. Because we have directed that the equitable distribution and the permanent alimony award be reconsidered, and because this may change the court's overall plan, we vacate the entire final judgment except for the dissolution of marriage itself, so that that the court may refashion an appropriate financial plan for the parties.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
SHARP, W. and MONACO, JJ., concur.