IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TAMMY LYNN RHOADS,
WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D14-4477

v.

JOHN M. RHOADS,
HUSBAND,

     Appellee.

_____/

Opinion filed December 22, 2015.

An appeal from the Circuit Court for Clay County.
Dan Wilensky, Judge.

William S. Graessle and Jonathan W. Graessle, Jacksonville, for Appellant.

Brian P. North of Kenny Leigh & Associates, Mary Esther, for Appellee.

BILBREY, J.

     Tammy Lynn Rhodes appeals the final judgment of dissolution of marriage

on several grounds. We find no error in the trial court's granting the former wife's

counsel's motion to withdraw due to the former wife's failure to communicate with

counsel for months prior to the motion. Likewise, the denial of the former wife's motion for continuance on the day of the final hearing due to the withdrawal of counsel some three weeks prior to the hearing was within the trial court's discretion. See Cargile-Schrage v. Schrage, 908 So. 2d 528 (Fla. 4th DCA 2005). In addition, we find no error in the trial court's equitable distribution of the marital assets in the final judgment. However, we agree with the former wife that the trial court's determination of the amount of permanent alimony was not supported by competent, substantial evidence and was therefore an abuse of discretion requiring reversal of that portion of the final judgment.

The parties were married on June 8, 1991. During the marriage, the parties had four children, two of whom were still minors at the time of the final judgment. The former wife was not employed outside the home for most of the marriage, and she had not completed her high school education. It was undisputed that the former wife suffered from a serious medical condition. Nonetheless she testified that she wanted to obtain her high school diploma and work towards self-sufficiency. The former husband testified at the final hearing that he was paying the former wife approximately $1,600 per month in temporary spousal support, which included directly paying some of her bills. He did not testify that he had any inability to continuing paying this amount of spousal support. The former husband had gross income of $6,561.69 per month including bonuses while the former

2

wife's income was imputed at $1,374.53 per month based on her ability to earn at least minimum wage.

At the time of the final hearing, the former husband and remaining minor children lived in the marital home and the former wife did not reside there, pursuant to court order. The marital home was owned by the parties, free of any note and mortgage.

We review the adequacy of an award of alimony for abuse of discretion. Canakaris v. Canakaris, 382 So. 2d 1197, 1201 (Fla. 1980); Atkins v. Atkins, 611 So. 2d 570 (Fla. 1st DCA 1992) rev. denied 623 So. 2d 493 (Fla. 1993). Based on the evidence presented at the final hearing, and as required for an alimony award by section 61.08(2), Florida Statutes, the trial court found that the former wife had a need for alimony and the former husband had the ability to pay alimony. The trial court appeared to recognize that this was a long-term marriage per section 61.08(4), Florida Statutes. In the final judgment, the trial court specifically found, "The only evidence presented regarding Wife's need for alimony was that she needs auto insurance and health insurance." The court found that the cost for such insurance was $600.00 per month and awarded this amount as permanent alimony. The final judgment also found that the former wife was in good health. The trial court's finding that the former wife only needed alimony to purchase insurance as

3

well as the finding that she was in good health are not supported by the evidence and reversal of the award of alimony is therefore necessary as inadequate.

Because the former wife appeared pro se at the final hearing, her presentation of evidence to support her case was inartful and disjointed.[1] However, the transcript of the final hearing does contain undisputed evidence of basic needs for the former wife's maintenance including housing and prescription drug expenses, in addition to her need for insurance. In her testimony, the former wife described her credit card bills of $400 to $500 per month, and that she had been using her credit cards to pay living expenses. The former wife also testified that she had previously shared rent and utility payments with a friend, and that her share of the rent amounted to $550 per month plus more for utilities, but that she had been evicted because she was unable to pay the rent. On cross examination, the former wife testified that she did not currently pay rent or utilities, and her

[1] The former husband argues that since the then pro se former wife did not move for rehearing on the issue of alimony, that the inadequacy of the award is not preserved for appellate review. This argument overstates our prior holdings which only state that "a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing." Simmons v. Simmons, 979 So. 2d 1063, 1065 (Fla. 1st DCA 2008) citing Owens v. Owens, 973 So. 2d 1169 (Fla. 1st DCA 2007). Here the issue was not that the trial court's findings were inadequate to allow for meaningful appellate review like in Owens, but whether the trial court abused its discretion in making findings not supported by competent, substantial evidence. See Wabeke v. Wabeke, 31 So. 3d 793 (Fla. 2d DCA 2009); Vitro v. Vitro, 122 So. 3d 382 (Fla. 4th DCA 2012).

4

testimony was vague about where she was living. The former wife stated that she was homeless and that she was staying "everywhere," relying on the generosity of friends, or sleeping in her vehicle or hotels. When asked how she was spending the $700 to $800 per month she previously paid for rent and utilities, she responded that she had stayed "at some hotels." In addition to her basic needs for shelter, the former wife testified that she had medical and prescription drug bills due to her medical condition.

The final judgment addressed the parenting plan for the parties' remaining minor children and ordered that the former husband and children would remain in the marital home until the youngest child reached the age of 18. At that point, the court ordered that the marital home would be sold and the proceeds divided between the parties. However, the final judgment did not make any provision for the former wife's current basic needs for shelter and other living expenses, and did not make any provision for the fact that the former husband would not be paying a mortgage or rent, unlike the former wife, thereby increasing the former husband's ability to pay alimony.

Despite the former wife's vague testimony about her housing situation, the fact remains that the trial court's award of $600 per month permanent alimony did not adequately address the former wife's needs, while the former husband had the apparent ability to pay for more if not all of the former wife's needs. § 61.08(2),

5

Fla. Stat. As part of its equitable distribution of marital assets, the trial court did award the former wife one-half of the former husband's retirement account, which the trial court "equate[d] to Wife receiving $222,313.65" plus the appreciation on those funds. However, as the former wife correctly points out, she must not be required to deplete her capital assets in order to maintain her standard of living as it was during the marriage. Addie v. Coale, 120 So. 3d 44, 47 (Fla. 4th DCA 2013).

The portion of the final judgment awarding only $600 per month as permanent alimony, found by the court to be the amount of the former wife's insurance needs, fails to comply with section 61.08(2), Florida Statutes, and is not supported by competent, substantial evidence. The award does not "provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties." Mallard v. Mallard, 771 So. 2d 1138, 1140 (Fla. 2000) citing Canakaris, 382 So. 2d at 1201. Based on the record in this case and the transcript of the final hearing, the amount of alimony awarded was clearly not adequate and was thus an abuse of the trial court's discretion. See Bucknam v. Shelton, 849 So. 2d 1204 (Fla. 5th DCA 2003); Thrift v. Thrift, 632 So. 2d 202 (Fla. 1st DCA 1994); Atkins.

Accordingly, the award of $600 per month in permanent alimony is reversed and this case remanded for reconsideration of the proper amount of alimony based on the factors listed in section 61.08(2), Florida Statutes. In all other respects, the

6

final judgment is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

SWANSON and MAKAR, JJ., CONCUR.