IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SUSAN WHITE DOWLING,
WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D16-2264

v.

ROBERT JASON DOWLING,
HUSBAND,

Appellee.

_____/

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

John N. Bogdanoff, The Carlyle Appellate Law Firm, The Villages, for Appellant.

Beth M. Terry, Law Office of Beth M. Terry, P.A., Jacksonville, for Appellee.

PER CURIAM.

Susan White Dowling, the former wife, appeals from a final judgment of dissolution of marriage. We agree with her argument that the alimony award must be recalculated, but otherwise affirm without comment.

On June 17, 2014, Ms. Dowling filed a petition for dissolution of marriage from her husband Jason Dowling. After conducting discovery, the parties went to a bench trial on issues related to the equitable distribution of assets and debt and to the determination of entitlement to alimony. After hearing the evidence, the trial court found Ms. Dowling's net monthly income to be $5,418.81 and her monthly expenses to be $6,199.28. The court found Mr. Dowling's net monthly income to be $11,729.31 and his monthly expenses to be $10,037.06. The court's income and expense findings were based on the parties' financial affidavits which indicated that Jason Dowling paid the full monthly amount of $2,053.98 on a line of credit owed by the parties. Based on these numbers, the court found Jason Dowling had an ability to pay alimony, and ordered him to pay durational alimony to his former wife of $1,200 per month for five years.

In general, "[t]he primary factors to be considered in deciding to award alimony are the needs of one spouse and the ability of the other spouse to pay." *Motie v. Motie*, 132 So. 3d 1210, 1213 (Fla. 5th DCA 2014) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197, 1201 (Fla. 1980)). An alimony award is insufficient if it "does not 'provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties.'" *Rhoads v. Rhoads*, 213 So. 3d 968, 970 (Fla. 1st DCA 2015) (quoting *Mallard v. Mallard*, 771 So. 2d 1138, 1140 (Fla. 2000)).

In this case, the trial court's alimony calculation did not take into account the change it ordered with respect to the parties' payment of the $2,053.98/month line of credit debt. The trial court made each party responsible to pay for one-half of that debt, whereas the financial affidavits used to compute alimony assumed that Mr. Dowling was paying it entirely himself. Making Ms. Dowling responsible for one-half of this debt substantially increased her monthly expenses, and comparatively lowered Mr. Dowling's monthly expenses, so that their expenses were not accurately reflected in the court's findings. Indeed, adding a line-of-credit payment of over $1,000 per month to Ms. Dowling's expenses consumes almost all of the $1,200 alimony award and doesn't appear to "provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties." *Rhoads,* 213 So. 3d at 970 (internal quotation marks and citation omitted).

Accordingly, we reverse the alimony award for reconsideration in light of the court's distribution of the marital debt. The judgment is otherwise affirmed.

WOLF, OSTERHAUS, and KELSEY, JJ., CONCUR.